**LAW OFFICE OF DANIEL G. SHAY**
Daniel G. Shay, Esq.
California Bar No. 250548
409 Camino Del Rio South, Ste 101B
San Diego, CA  92108
Phone: 619-222-7429
Fax: 866-431-3292
danielshay@tcpafdcpa.com

**GREENWALD DAVIDSON RADBIL PLLC**
Jesse S. Johnson (to seek admission *pro hac vice*)
Florida Bar No. 0069154
5550 Glades Road, Ste 500
Boca Raton, FL 33431
Phone: 561-826-5477
Fax: 561-961-5684
jjohnson@gdrlawfirm.com

*Counsel for Plaintiff and the proposed class*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLORENCE MORRIS, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FIRST NATIONAL COLLECTION BUREAU, INC.,<br><br>Defendant. | Case No.:  **'16 CV 1139 BAS JMA**<br><br><u>CLASS ACTION</u><br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT<br><br>JURY TRIAL DEMANDED |

1

Class Action Complaint

**NATURE OF THE ACTION**

1.      This is a class action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., and the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code, § 1788, *et seq*.

2.      Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

3.      Among other things, the FDCPA prohibits debt collectors from using false representations or deceptive means to collect or attempt to collect any debt. 15 U.S.C. § 1692e.

4.      Upon information and belief, First National Collection Bureau, Inc. ("Defendant") routinely engages in a business practice that violates the FDCPA and the Rosenthal Act.  Specifically, in connection with its attempts to collect consumer debts, Defendant misleads consumers into believing their alleged debts are legally enforceable by offering settlements to "resolve" consumers' accounts in full without disclosing that the subject debts are time-barred under the applicable statute of limitations.

*///*

Class Action Complaint

5.      As a result of Defendant's violations of the FDCPA, and pursuant to 15 U.S.C. § 1692k, Florence Morris ("Plaintiff") brings this case as a class action seeking damages for herself and others similarly situated.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

7.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2), where the events giving rise to Plaintiff's action occurred in this District, where Plaintiff resides in this District, and where Defendant transacts business in this District.

## PARTIES

8.      Plaintiff is a natural person who resides in San Diego County, California. As such, Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

9.      Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

10.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal debt allegedly owed to DIRECTV (the "Debt").

11.     Defendant is a Nevada corporation providing accounts receivable solutions. Its principal offices are located at 601 Waltham Way, Sparks, Nevada 89434.

12.     Defendant is an entity that at all relevant times was engaged, by use of the mails, telephone and/or credit reporting, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

13.     Upon information and belief, at the time DIRECTV hired Defendant to collect the alleged Debt from Plaintiff, the Debt was in default, or Defendant treated the Debt as if it were in default from the time that Defendant acquired it for collection.

14.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and/or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

15.     Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and the Rosenthal Act, Cal. Civ. Code § 1788.2(c).

## FACTUAL ALLEGATIONS

16.     On or about March 11, 2016, Defendant sent a written communication to Plaintiff in connection with the collection of the Debt, asserting that she owed $535.16. A true and correct copy of the March 11, 2016 communication to Plaintiff is attached hereto as Exhibit A.

///

17.     The March 11, 2016 written communication began by announcing to Plaintiff in bold, capital letters "**RESOLVE YOUR ACCOUNT FOR 50% IN 2 PAYMENTS**." Ex. A.

18.     Thereafter, the March 11, 2016 written communication advised Plaintiff that DIRECTV was willing to resolve the debt for 50% of the amount due if payment was received in two equal parts, over the course of two months, beginning on April 8, 2016. *Id.*

19.     The March 11, 2016 written communication provided: "Once both payments of $133.79 have been paid to our office on time, we will consider this account satisfied in full." *Id.*

20.     The March 11, 2016 written communication went on to state: "If you need additional time to respond to this offer, please contact us. We are not obligated to renew this offer." *Id.*

21.     The March 11, 2016 written communication thereafter noted: "This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector." *Id.*

22.     The March 11, 2016 written communication then advised Plaintiff in capital letters: "SETTLEMENT AMOUNT DUE: $267.58." *Id.*

23.     The March 11, 2016 written communication referenced a service disconnect date of June 2, 2009. *Id.* As such, and upon information and belief, the Debt was in default, on or before June 2, 2009.

24.     In California, an action upon a liability founded upon a written instrument must be filed within four years. Cal. Civ. Code § 337.

25.     Nowhere does Defendant's March 11, 2016 written communication state that the Debt is not legally enforceable as it is beyond the applicable statute of limitations in the state of California.

26.     Upon information and belief, Defendant, as a matter of pattern and practice, routinely sends California consumers debt collection communications attempting to collect debts that are legally unenforceable under the applicable state of limitations without notifying the consumers of the same.

## CLASS ACTION ALLEGATIONS

27.     Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b) on behalf of herself and a class of similarly situated individuals as defined below:

> All persons (1) with a California address, (2) to whom Defendant sent a written debt collection communication, (3) within the year preceding the date of this complaint, (4) and in connection with the collection of a consumer debt older than four years, (5) that did not disclose that the subject debt was legally unenforceable as of the date of the written communication.

Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns.

28.     Upon information and belief, the proposed class is so numerous that joinder of all members is impracticable. The exact number of class members is unknown to Plaintiff at this time and can only be ascertained through appropriate

Class Action Complaint

discovery. The proposed class is ascertainable in that, upon information and belief, the names and addresses of all members of the class can be identified in business records maintained by Defendant.

29.   Plaintiff's claims are typical of the claims of the members of the class because Plaintiff and all class members' claims originate from the same conduct, practice and procedure on the part of Defendant, and Plaintiff has suffered the same injuries as each member of the class. Like all proposed members of the class, Plaintiff received a written debt collection communication from Defendant offering to settle her alleged Debt, and implying that the debt is legally enforceable, without disclosure that such debt was not legally enforceable.

30.   Plaintiff will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

31.   A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is likely impracticable. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation may make it impracticable for the members of the class to individually redress the wrongs done to them. There will be little difficulty in the management of this action as a class action.

32.   Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has

Class Action Complaint

acted on grounds generally applicable to the class. Among the issues of law and fact common to the class are:

> a. Defendant's use of language in its written communications that would mislead an unsophisticated consumer into believing that the debts it is seeking to collect are legally enforceable;
>
> b. the existence of Defendant's identical conduct particular to the matters at issue;
>
> c. the availability of statutory penalties; and
>
> d. the availability of attorneys' fees and costs.

33.   Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially-supervised remedy.

**COUNT I: VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(10)**

34.   Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 33.

35.   The FDCPA at § 1692e(10) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

* * *

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e(10).

8

Class Action Complaint

36.     "[A] letter may confuse even though it is not internally contradictory. Unsophisticated readers may require more explanation than do federal judges; what seems pellucid to a judge, a legally sophisticated reader, may be opaque to someone whose formal education ended after sixth grade." *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014).

37.     "[I]f the debt collector uses language in its dunning letter that would mislead an unsophisticated consumer into believing that the debt is legally enforceable, regardless of whether the letter actually threatens litigation (the requirement the Third and Eighth Circuits added to the mix), the collector has violated the FDCPA." *Id*.

38.     To be sure, "[t]he proposition that a debt collector violates the FDCPA when it misleads an unsophisticated consumer to believe a time-barred debt is legally enforceable, regardless of whether litigation is threatened, is straightforward under the statute." *Id*.

39.     Here, Defendant violated § 1692e(10) by using language in its March 11, 2016 letter that would mislead an unsophisticated consumer into believing that the Debt was legally enforceable, when it was not. *See id*. ("Because it is plausible that an unsophisticated consumer would believe a letter that offers to 'settle' a debt implies that the debt is legally enforceable, it was correct in *Delgado* to decline to dismiss the action at this stage, and incorrect to dismiss the class allegations in *McMahon*."); *Finley v. Dynamic Recovery Solutions LLC*, No. 14-4028, 2015 WL 3750140, at *5

Class Action Complaint

(N.D. Cal. June 15, 2015) ("It is plausible that the least sophisticated consumer could view an offer to settle as a veiled threat of litigation, or, at the least, as a misrepresentation that a debt is still enforceable.").

### COUNT II: VIOLATION OF THE ROSENTHAL ACT,<br>CAL. CIV. CODE § 1788.17

40.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 33.

41.     The Rosenthal Act at § 1788.17 provides:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

42.     Defendant violated Cal. Civ. Code § 1788.17 by violating § 1692e(10) of the FDCPA.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a.     Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

b.     Adjudging and declaring that Defendant violated 15 U.S.C. § 1692e(10) and Cal. Civ. Code § 1788.17;

c.     Awarding Plaintiff and members of the class statutory damages pursuant to 15 U.S.C. § 1692k and Cal. Civ. Code § 1788.17;

Class Action Complaint

1        d.    Enjoining Defendant from future violations of 15 U.S.C. § 1692e(10) and

2    Cal. Civ. Code § 1788.17 with respect to Plaintiff and the class;

3

4        e.    Awarding Plaintiff and members of the class their reasonable costs and

5    attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. §

6    1692k and Rule 23 of the Federal Rules of Civil Procedure;

7

8        f.    Awarding Plaintiff and the members of the class any pre-judgment and

9    post-judgment interest as may be allowed under the law; and

10       g.    Awarding other and further relief as this Court may deem just and proper.

11

12   **JURY TRIAL DEMANDED**

13   Pursuant to the seventh amendment to the Constitution of the United States of

14   America, Plaintiff is entitled to, and demands, a trial by jury on all counts so triable.

15

16

17   Date:  May 11, 2016                    LAW OFFICE OF DANIEL G. SHAY

18

19                                          By: *s/ Daniel G. Shay*
                                            Daniel G. Shay, Esq.
20                                          danielshay@tcpafdcpa.com
                                            409 Camino Del Rio South, Suite 101B
21                                          San Diego, CA  92108

22

23                                          *Counsel for Plaintiff and the proposed class*

24

25

26

27

28

11

Class Action Complaint